CITY OF DULUTH v. P. McDONNELL.[1]

June 7, 1895.

Nos. 9299—(127).

**Payment under Mistake.**

Action to recover money paid by mistake. *Held*, that the facts proved and offered to be proved by the defendant did not tend to show that the money paid by mistake was equitably due him, or that, in equity and good conscience, he ought to be allowed to retain it from the city.

Appeal by defendant from an order of the district court for St. Louis county, Moer, J., denying a motion to set aside a verdict for $3,624.83 in favor of plaintiff, and for a new trial. Affirmed.

*J. L. Washburn, L. E. Judson, Jr.,* and *W. D. Bailey,* for appellant.

*H. H. Phelps,* for respondent.

MITCHELL, J.[2]  Action to recover money paid under a mistake of fact. The substantial facts alleged in the complaint are that the village (now city) of West Duluth made a contract with the defendant to make improvements on one of its streets, for which it was to pay him certain specified prices for the different classes of work, among which was one dollar per square yard for cedar block paving; that the village engineer made a mistake in the measurement of the amount of paving done by defendant, and certified and reported the amount to the village council as being 35,752 yards, when in fact the actual amount was only 32,461 yards; that, relying

[1] Reported in 63 N. W. 727.        [2] Collins, J., absent, took no part.

on this certificate and in ignorance of the mistake, the village paid him for the amount so certified. Aside from a denial of any mistake in the measurement and a claim that, by the terms of the contract, the report or certificate of the village engineer was conclusive between the parties, the substance of the defense interposed is contained in the eighth subdivision of the answer, which is to the effect that certain "relaying of paving" and "certain extra work in connection with said improvement" performed by defendant under the direction of the village engineer were allowed for and covered by such engineer in his certificate to the village council under the item of "paving."

Defendant's assignments of error really all go to the alleged rulings of the court excluding evidence offered for the purpose of proving the allegations of this paragraph of the answer; and, if his assignments of error and points and authorities were fully supported by the record, he would have a much stronger case than he in fact has.

The city introduced in evidence the contract, the final estimate and certificate of the village engineer to the village council as to the amount of work done by defendant, one of the items in which was: "35,752 square yards of cedar block paving at $1.00, $35,752." It also proved the allowance and payment by the village council of the full amount of all the items in the engineer's estimate and certificate. It then proved by the engineer and others the mistake in the measurement of the paving, and that the actual amount was only 32,461 yards. It appeared from the evidence that defendant, in addition to the laying of new pavement on the street being improved, relaid a certain amount of. old pavement at the intersections of the street referred to with other streets, and that the engineer, in his estimate and certificate, included this in the item of paving, counting every four yards relaid as equal to one yard laid, the usual price for relaying being 25 cents per yard. But it was also in evidence that this was taken into account and allowed in the 32,461 yards.

The defendant did not attempt to prove the correctness of the amount of pavement contained in the engineer's estimate certified to the village council, or to dispute the accuracy of the city's remeasurement. Nor did he attempt to show that the village council, when they paid him, knew that the amount of paving certified to

by the engineer was not correct, or understood that anything but paving was included in the item referred to, or that they were paying for anything, under that item, but paving. Neither did he offer to prove that the village engineer included or intended to include in the item of paving anything but paving. His offers, like the allegations of his answer, were so indefinite and illusive that, after careful and repeated attempts to analyze them, we find it very difficult to determine just what his claim was. But, placing the most favorable construction upon them, we think that all they amounted to was an offer to prove that, under the direction of the village engineer, he did some work and furnished some material (the nature and value of which is not indicated) necessary to the construction of the work specified in the contract, but not included in it, and for which he had never received any compensation except as he had received it by being overpaid for paving by reason of the error in the engineer's estimate.

These offers did not include any offer to prove that the engineer directed this to be done as "extra work," or that he ever agreed that defendant should be allowed for it as such. The contract expressly provided that no claim for extra work should be made, unless, before the performance, the village council should have first authorized the engineer in writing to do such extra work, nor unless, before its performance, the price to be paid therefor should have first been agreed upon in writing between the engineer and contractor, and approved by the village council, and done in obedience to a written order from the engineer, given before the performance of the extra work. The defendant did not offer to prove that any of these conditions had been complied with, or that the village had waived them.

It is true, as urged by counsel, that an action to recover money paid by mistake is governed by equitable rules, the right of recovery depending upon the equitable principle that one man has received the money of another which in equity and good conscience he ought not to retain; and therefore, in such an action, the defendant may, as a general rule, set up, by way of defense, any facts that will show that he ought in equity and good conscience to be allowed to retain the money. Whatever might be the case between private persons, yet, as against a municipal corporation, all the

facts which defendant proved, or offered to prove, fall very far short of showing that this money was equitably due him from the village, or that in equity and good conscience he ought to be allowed to retain it. The provisions of the contract referred to are proper and necessary in order to protect the public treasury. The defendant knew they were in the contract when he executed it; and to allow him, in utter disregard of its terms, to retain money paid to him by mistake would, under the circumstances, be inequitable, against good conscience, and against public policy. Any other rule would open wide the door for the perpetration of all sorts of raids and frauds on the public treasury. We find. no prejudicial error in the record.

Order affirmed.